### No. 2.

**ROBINSON** *against* **HATHAWAY.** *Franklin*, 1819.

IN an action of ejectment, for non payment of rent, the tenant cannot give in evidence, that the plaintiff derived no title to the land in question, from his grantor, or that said grantor, having the title had parted with the same before deeding to the plaintiff.

ERROR brought to reverse a judgment of Franklin County Court, November term, A. D. 1819.

The original action was, an action of ejectment, brought by lessor against assignee of lessee, for the non-payment of rent.

*Plea*—Not guilty.

On the trial the defendant acknowledged that he had not paid the rent due on said land, and offered to give in evidence that one Silas Hathaway formerly owned said land, and that he gave a durable lease of said land, reserving annual rent on the same, to one Russell Emery, and afterwards Samuel Hitchcock and Abel Allis levied an execution on said land, in their favor, against said Silas, and that the time of redemption of said Silas had expired, and the interest of said Silas passed into the said Hitchcock and Allis, and after all the title had passed out of said Silas, he deeded, to the plaintiff, said land; and that said Hitchcock and Allis gave said Russell Emery legal notice to pay said rent to them; and afterwards the plaintiff got possession of the lease given by said Silas to said Emery, and after the same was recorded, and that he gave up said lease and gave a lease in his own name, to the said Emery, and the said Emery afterwards deeded said land to defendant, and the defendant was legally notified by those legally holding under the said Hitchcock and Allis, to pay rent to them, and that defendant came into Court to know to whom he should pay said rent, which evidence was rejected by the Court.

Bill of exceptions, filed by defendant, and this writ of error founded thereon—error assigned, was the rejection of the evidence aforesaid.

By the Court. There is no error, the evidence was properly excluded; the tenant could not set up a defence adverse

to the title of his landlord ; this defence was, not that plaintiff, the lessor, had parted with his interest to an assignee, but that he had no title from his grantor.

Judgment of the County Court affirmed.

See Ejectment 4. Pleas and Pleadings 6. Tresspass 1.